Anna L. Bryntesen, Appellee, v. Carroll Construction Company, an Illinois Corporation, Appellant.

Gen. No. 47,783.

First District, Third Division.
March 2, 1960.

Kirkland, Ellis, Hodson, Chaffetz, and Masters of Chicago (William H. Symmes and David R. MacDonald, of counsel) for defendant-appellant.

Peabody, Westbrook, Watson, and Stephenson, of Chicago (Lowell H. Jacobson, Lawrence P. Hickey, and Burton H. Young, of counsel) for plaintiff-appellee.

JUSTICE FRIEND delivered the opinion of the court.

Defendant appeals from an adverse judgment based on a jury verdict of $12,500. The principal question presented is whether plaintiff is barred from maintaining this suit by the doctrine of *res judicata,* it being the contention of defendant that the claim which plaintiff brought under the Structural Work Act (Ill. Rev. Stat. 1959, ch. 48, §§ 60–69) in the Circuit Court of Cook County was prosecuted unsuccessfully to judgment in the Circuit Court of Lake County and appealed unsuccessfully to the Appellate Court of Illinois, Second District (Thomas v. Carroll Const. Co., 14 Ill.App.2d 205).

It appears that in the summer of 1953 John Bryntesen, an ironworker seventy years old and husband of Anna Bryntesen, was employed by the Cragin Construction Company which was in charge of erecting the structural steel for the Libertyville-Freemont High School. The defendant, Carroll Construction Company, was the general contractor and maintained a superintendent who had general supervision over Cragin and some thirty-five other contractors who were constructing the various parts of the building. On July 3, 1953, Bryntesen was working on what is commonly called a "float scaffold"—a platform four by eight feet, made of one-inch thick plywood. Along

308

both ends of the floating platform two-by-fours were fastened which protruded at the four corners. From these four corners one-inch ropes were attached which were looped over a steel truss or beam. Welding operations were performed from this platform which was moved from place to place as required. After Bryntesen had brought over some bolts for a welding job, he stepped back on the scaffold and fell to the ground; several hours later he died of the injuries he had sustained.

In June 1954, in the Circuit Court of Lake County, a single-count complaint was filed on behalf of the present plaintiff by Lilly Thomas, the plaintiff's daughter and administratrix of the estate of John Bryntesen, setting out the foregoing facts. That complaint was brought pursuant to the Structural Work Act and the Wrongful Death Act (Ill. Rev. Stat. 1959, ch. 70, §§ 1 and 2), and alleged "wilful" violation by defendant of the Structural Work Act resulting in Bryntesen's death. Defendant's answer denied that the proximate cause of death was the company's wilful failure to comply with the provisions of the Structural Work Act, and also denied that the deceased was exercising due care for his own safety at the time of the accident. The recovery sought was for the loss of support for Anna Bryntesen and her son and daughters, all adults. Trial was had in that suit, and at the end of the case plaintiff's attorney sought to add Anna Bryntesen and her son and daughters as party plaintiffs. He also sought to eliminate the allegation in his complaint that Bryntesen was free from contributory negligence and to raise the *ad damnum* from $20,000 to $40,000. The trial court was willing to allow the *ad-damnum* amendment and the elimination of the contributory-negligence reference but would not permit plaintiff to add Anna Bryntesen and the son and daughters and still

leave in the one daughter as administratrix because, as the reviewing court pertinently observed in its opinion:

If it was counsel's intention to correctly state a cause of action under the Structural Work Act, Lilly Thomas, Administrator of the Estate of John Bryntesen deceased, was not a proper party plaintiff, as the final paragraph of section nine of the Structural Work Act gives a right of action in case of death by reason of a wilful violation of the provisions of that Act to the widow of the person so killed (Ill. Rev. Stat., Chap. 48, sec. 69). By this motion, the then sole plaintiff did not seek to discontinue the action as to her but sought to add the widow and children of the decedent as additional parties. When death results to an employee, the personal representative of such deceased person may maintain an action for damages for causing death by wrongful act, neglect, or default under the Injuries Act (Ill. Rev. Stat., chap. 70, secs. 1, 2), or the widow of such employee may have a cause of action by reason of the wilful violation of the provisions of the Structural Work Act (Ill. Rev. Stat., chap. 48, sec. 69).

Faced with the choice of amending the complaint, plaintiff's attorney stated that he elected not to substitute parties nor to delete the contributory-negligence allegation. The theory of liability remained the defendant's wilful violation of the Structural Work Act. The case was then submitted to the jury which returned a verdict of not guilty. Upon appeal to the Illinois Appellate Court, Second District, plaintiff contended that the trial court had erred in refusing to allow the addition of Anna Bryntesen and other next of kin as coplaintiffs and in deleting the contributory-negligence allegation, but the Appellate Court pointed out that plaintiff's attorney had been given the opportunity to amend the pleadings to state a correct cause

of action under the Structural Work Act, concluded that it was not an abuse of discretion on the part of the trial judge to refuse to allow plaintiff's incorrect amendments, and affirmed the judgment of dismissal. In the meantime plaintiff had been receiving Workmen's Compensation payments from Bryntesen's employer, the Cragin Construction Company, which totaled $8000.

The instant proceeding was brought by Anna Bryntesen as the sole plaintiff in the Circuit Court of Cook County in August 1957. Like the administratrix in the first suit, Anna Bryntesen alleged wilful violation of the Structural Work Act by defendant, resulting in Bryntesen's death and causing loss of support. A motion to dismiss, on the ground that the action was barred by *res judicata,* was denied by the trial judge, and the case proceeded to hearing. Several charges of error, including the alleged improper *voir-dire* examination of the jurors, denial of an offer of proof by defendant to show that steel-erecting companies never use float scaffolds with a handrail because of the peculiar use of such scaffolds, and refusal of an instruction relating to contributory negligence, are urged as grounds for reversal, but in the view that we take on the primary question of *res judicata,* these need not be discussed.

■ ■ The violation alleged in the Lake County complaint was the "knowing and wilful failure of Defendants [a subcontractor had been a codefendant in the first suit] to comply with the provisions of the Structural Work Law of Illinois." The compensation demanded was based on the deprivation of Anna Bryntesen's means of support. Defendant asserts that two errors were made in the prior action: (1) plaintiff's attorney failed to amend the pleadings to substitute the proper party plaintiff (under the last para-

graph of the Structural Work Act recovery in this case would be limited to the widow), and (2) the court allowed an improper instruction to go to the jury concerning decedent's contributory negligence. Plaintiff's attorney was given the opportunity at the end of the trial to correct both these errors but did not elect to do so. As the reviewing court in Thomas v. Carroll Const. Co., 14 Ill.App.2d 205, put it:

In the briefs of counsel for appellant, it is asserted that appellant did not receive a fair trial; that it was a clear abuse of discretion for the court to deny appellant's motion to add proper parties, and that the trial court was confused as to the requirements of the statute pertaining to death under the Injuries Act and under the Structural Work Act. The record does not show that the trial court was confused. Counsel for the plaintiff prepared the complaint upon which the trial was had. It contained a single count and the personal representative of John Bryntesen was the sole plaintiff. This personal representative was not a proper party in an action under the Structural Work Act, but counsel insisted that she remain a party plaintiff after the court had particularly inquired of counsel about this feature of the pleadings. Had the complaint been amended as counsel desired it would not have been a good complaint based on the Structural Work Act. Counsel for appellant now concede this to be true and state that while Lilly Thomas, as administrator, was not a proper plaintiff under the Structural Work Act, she would have been "a mere nominal party whose position could be disregarded." We do not agree. To have permitted this amendment would have led to more confusion and under the authorities the trial court did not abuse its discretion or err in refusing the oral motion of appellant to amend. If appellant did not receive a fair trial, it was not the fault or error of the trial court. If ever a court was patient

312

and considerate of counsel, it was the trial court during the hearing of this case as disclosed by the record.

In the course of its opinion the court spelled out the nature of the action which plaintiff had brought in Lake County:

This record presents an unusual situation. Plaintiff filed what her counsel now label as a one-count "hybrid" complaint. The plaintiff was the administrator of a deceased employee and sought to recover for the wrongful death of her intestate the sum of $20,000 for the benefit of the next of kin. The basis of her recovery was a violation of the provisions of the statute found in the Structural Work Act and that Act and the Injuries Act are both referred to in the pleadings of the plaintiff. The issues made by the pleadings were submitted to the jury upon the theory of counsel for the plaintiff and the instructions were responsive to the issues made by the pleadings and were approved by counsel before being read to the jury.

Notwithstanding the foregoing circumstances and the conclusions of the Appellate Court, Second District, a second action was instituted under the same statute; it omitted the errors which, although given the opportunity, plaintiff had not expunged in the first proceeding. The law is well settled in Illinois that "the doctrine [*of res judicata*] extends not only to the questions actually decided but to all grounds of recovery or defense which might have been presented." Charles E. Harding Co. v. Harding, 352 Ill. 417. See also Skolnik v. Petella, 376 Ill. 500, Skidmore v. Johnson, 334 Ill. App. 347, Masters v. Central Illinois Elec. & Gas Co., 15 Ill.App.2d 95.

■■ Plaintiff argues that the lack of any four of the following conditions precludes the application of the doctrine:

313

(1) the two actions must be between the same parties or their privies;
(2) the cause of action must be the same in both proceedings;
(3) the former adjudication must have been a judgment on the merits; and
(4) the former adjudication must have been within the jurisdiction of the court rendering it.

As we understand the rule, the nominal difference in names of the parties to the two lawsuits is of no avail to the plaintiff as long as the real party in interest is the same in both cases. This requirement is clearly present in these two suits since the plaintiff here, Anna Bryntesen, was a beneficial plaintiff in the prior action. It should be noted again the plaintiff's counsel attempted to join additional parties in the Lake County suit and was given the opportunity of substituting Anna Bryntesen as the proper party, but elected not to do so. The doctrine of *res judicata* is a bar to an action between the same parties when the same relief is sought, and is also binding upon their privies and other persons who are estopped because they were represented in the first action. People ex rel. DeCola v. United States Fidelity & Guar. Co., 306 Ill. App. 518; Morris Inv. Co. v. Moore (Abst.), 332 Ill. App. 653. Nor can the plaintiff circumvent the doctrine because he has added an unnecessary element to his cause of action or failed to include an available defense. It clearly appears that the cause of action in both proceedings was the same; the former adjudication was a final judgment upon the merits and certainly within the jurisdiction of the court rendering it.

We hold that the claim which plaintiff brings in this proceeding under the Structural Work Act has already been prosecuted unsuccessfully in the Circuit Court of Lake County and appealed unsuccessfully to the

Illinois Appellate Court, Second District, and that she is barred from maintaining this suit by reason of the doctrine of *res judicata*. Accordingly the judgment of the Circuit Court of Cook County is reversed and the cause remanded with directions to enter judgment for defendant with costs.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and BURKE, J., concur.

### On Rehearing

We heretofore allowed the petition for rehearing in this cause, to which defendant filed an answer.

Upon re-examining the questions involved, we have decided to adhere to our opinion filed March 2, 1960. Accordingly, the judgment of the Circuit Court is reversed, and the cause remanded with directions to enter judgment for defendant with costs.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.