(No. 63626.—

MARK A. VULETICH, Appellee, v. UNITED STATES STEEL CORPORATION, Appellant.

*Opinion filed May 22, 1987.—Rehearing denied October 5, 1987.*

GOLDENHERSH, J., took no part.

George W. Gessler and Mark S. Dym, of Gessler, Wexler, Flynn, Laswell & Fleischmann, Ltd., of Chicago, for appellant.

Horwitz, Horwitz & Associates, Ltd., of Chicago (Clif-

ford W. Horwitz and Marc A. Perper, of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

This case involves a dispute over whether temporary stairs constituted a "support" under the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69). The circuit court of Cook County granted summary judgment in favor of the defendant, United States Steel Corporation (U.S. Steel), after concluding that the Structural Work Act did not apply to this case. The appellate court reversed, holding that there was a question of fact regarding the application of the Act. (145 Ill. App. 3d 314.) We granted defendant's petition for leave to appeal, and we now reverse.

The facts in this case are undisputed. Plaintiff Mark Vuletich was employed as a laborer by BMI Industries. U.S. Steel contracted with BMI to clean and repair a furnace located at U.S. Steel's South Works plant.

Plaintiff reported to work on January 13, 1982, and was instructed to do some cleaning in the furnace area. After cleaning in the furnace area for some time, plaintiff walked to BMI's tool storage trailer to return the shovel and broom that he had been using. There were doors at the end of the trailer through which the workers entered and exited, and since the trailer was approximately five feet above ground level, a set of temporary wooden steps had been constructed. It had been snowing all day on the day of the accident, and plaintiff stated in his affidavit that the steps were ice and snow covered and slippery. As plaintiff left the trailer and started to descend the stairs, he slipped on the accumulated snow and ice and fell to the ground. Plaintiff also stated in his affidavit that his fall was caused by the "wobbling" of the stairs and the lack of handrails.

Plaintiff filed a complaint in the circuit court of Cook County, seeking recovery under the Structural Work Act. The trial court, in granting summary judgment for defendant, concluded that the stairs that plaintiff slipped on did not constitute a "support" within the meaning of the Act. The Act applies to all "scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances" erected or constructed for use in the erection, etc., of any structure. (Ill. Rev. Stat. 1981, ch. 48, par. 60.) As noted above, the appellate court reversed and remanded the case to the trial court, holding that there was a factual question as to how the stairs were actually being used at the time of plaintiff's injury.

It is well settled that summary judgment is appropriate where the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. (See *Gordon v. Oak Park School District No. 97* (1974), 24 Ill. App. 3d 131, 134.) Plaintiff concedes that the only issue involved in this case is whether the stairs from which he fell are considered a "support" within the meaning of the Act. However, plaintiff contends that whether the stairs were a support, as defined by the Act, is a disputed factual issue that should be decided by the trier of fact. This contention reflects a misunderstanding of the distinction between a question of fact and a question of law. The question of whether a certain device is governed by the Act is a matter of statutory construction and therefore a question of law for the court to determine. (See *Page v. Corely Cos.* (1985), 131 Ill. App. 3d 56, 58.) Since the nature of the device and the facts are not disputed in this case, we turn to plaintiff's argument that the stairs on which he fell fall within the purview of the Act.

We have stated on many occasions that the Structural Work Act should be given a liberal construction to effec-

tuate its purpose of protecting persons engaged in extra-hazardous occupations of working in and about construction, repairing, alteration or removal of buildings, bridges, viaducts, and other structures. (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 151.) However, the Act was not intended to, nor has it ever been interpreted to, cover any and all construction activities. (*Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536.) Therefore, although the Act is to be liberally construed, certain things have been held not to be "supports" within the contemplation of the Act. See *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 181.

When attempting to determine whether a particular device is a support, we must ascertain the intended use of the device in question at the time of the injury. See *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 297; *Choi v. Commonwealth Edison Co.* (1984), 129 Ill. App. 3d 878, 881.

The main controversy in this case centers around whether the stairs were being used as a support or as a mere pathway at the time of plaintiff's injury. Plaintiff argues that the stairs were used as a support because workers ascended and descended the steps in order to elevate themselves to a location where they could secure tools. This argument must fail. Taken to its logical extreme, this theory would require that every device which "elevates" workers be considered a support under the Act. Although the Act was intended to protect construction workers, it is the use of the device in question, not the nature of the work performed, that is dispositive. (*Choi v. Commonwealth Edison Co.* (1984), 129 Ill. App. 3d 878, 881.) Since all stairways, both temporary and permanent, function to "elevate" those who use them, plaintiff's argument would result in any stairway used

by workers being covered under the Act. This broad interpretation of the Act is not justified.

In *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, the court stated, "[A] floor is not a scaffold when it is being used merely as a walkway [citations], but if a worker relies on a partially completed floor for support as a working platform, he may recover." (101 Ill. App. 3d 1085, 1093.) Also, in *Quinn v. L. B. C., Inc.* (1981), 94 Ill. App. 3d 660, the court held that the floor of the building in question was not being used as a working platform at the time of the plaintiff's injury and stated, "Plaintiff did not rely on the floor as a support while working on the building; he merely utilized it as a path to reach the stairway and other parts of the structure. Simply stated, the floor was being used as a floor, the purpose for which it was designed." (94 Ill. App. 3d 660, 664.) We agree with the holdings of these cases. Applying this reasoning to the case before us, we find that the stairs in question did not constitute a support as that term is used in the Act. The stairs were but a pathway providing ingress and egress to and from the trailer wherein tools were stored. If the stairs had provided support for the plaintiff in the performance of some hazardous activity, or if he had used them as a working platform, then, as noted in the cases last cited, a different situation might prevail.

We have noted above that the Act was designed to protect persons engaged in the extrahazardous occupations of working in and about construction but that the Act was not intended to cover all construction activity. In more precisely defining the scope of the Act, this court has stated that the purpose of the Act is to provide protection to workmen "engaged in extrahazardous work" (*St. John v. R. R. Donnelley & Sons Co.* (1973), 54 Ill. 2d 271, 274); that it "protects work activities of a particularly hazardous nature" (*Halberstadt v. Harris*

*Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127); that it "deals with work that is regarded as particularly hazardous" (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 322); that the "Scaffold Act deals with highly dangerous activities" (*Kennerly v. Shell Oil Co.* (1958), 13 Ill. 2d 431, 435). See also *Illinois Supreme Court Review*, 1976 U. Ill. L.F. 116, 333.

. At the time of his injury the plaintiff was not engaged in any hazardous activity or any work that can be described as being of a particular hazardous nature. He was simply returning his broom and shovel to the trailer, just as a janitor might ascend some stairs to return a broom and shovel to a closet. If there were no stairs involved in this case, there would have been no serious contention that the injury was one covered by the Act. Under such circumstances *Urman* and *Quinn*, cited above, would be directly on point. Plaintiff's argument that the fact that stairs were involved somehow takes our case out of the law as cited in *Urman* and *Quinn* is not convincing. The theme running through the plaintiff's brief is that the stairs were used to "elevate" the worker from the ground to the trailer, therefore the stairs were included within the various devices enumerated in the Act. Of course, as noted above, all stairs are used to elevate people from one level to another. If the presence of stairs transforms a nonhazardous activity such as carrying a broom and shovel to the trailer into an activity covered by the Act, then under the plaintiff's theory, a mailman who slips and is injured on the icy front steps of one's home would have a cause of action under the Act, as would a janitor or domestic help who falls on stairs while returning a broom to a closet. The protection of the Act should be confined to activities to which it was intended to apply and should not be construed so that every injury suffered on stairs will fall within its purview.

We hold as a matter of law that the stairway in this case was not a support within the meaning of the Act. The judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.