MICHAEL DVORAK, Plaintiff-Appellant, v. PRIMUS CORPORATION *et al.*, Defendants-Appellees (Don L. Dise, Inc., *et al*, Defendants).

Second District   No. 2—87—0659

Opinion filed April 25, 1988.

Robert M. Foote, of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora (Craig S. Mielke, of counsel), for appellant.

Gary K. Mickey and Donald C. Bevins, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsen, of Aurora, for appellee Primus Corporation.

Kathryn A. Spalding, Thomas A. Brabec, and Thomas Patrick Rice, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, of counsel), for appellee Walter E. Deuchler Associates, Inc.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff appeals from orders of the circuit court of Kane County entering summary judgment for defendants on his Structural Work Act claims (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) and dis-

missing his negligence claim with prejudice.

Plaintiff was seriously injured while working as a laborer at a construction site. He initially filed suit in November 1985, but the two defendants involved in this appeal, Primus Corporation (Primus) and Walter E. Deuchler Associates, Inc. (Deuchler), were not named in that suit. He filed an amended complaint in January 1986 against Primus, Deuchler, and three others, alleging violations of the Act. Both Primus and Deuchler moved for summary judgment, claiming that the Act was not applicable to the undisputed facts surrounding plaintiff's injury. The court granted their motions on February 20, 1987. Subsequently, on March 10, 1987, plaintiff filed an amendment to his complaint to add a negligence count against Primus. Primus moved to dismiss that count pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) for failure to state a cause of action. On June 17, 1987, the court dismissed the negligence count with prejudice and entered its finding with respect to both the negligence and Structural Work Act claims that there was no just reason to delay enforcement or appeal. Plaintiff then filed this appeal.

I

■ The first issue on appeal is whether the court properly entered summary judgment. The entry of summary judgment is appropriate where the pleadings, depositions and affidavits establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (See *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 421.) In Structural Work Act cases, summary judgment may be appropriate "where the material facts are not in dispute and the controversy is over the proper construction of the *** Act and whether the facts sustain a cause of action." (*St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 524; accord *Duffin v. Seibring* (1987), 154 Ill. App. 3d 821, 831; *Page v. Corley Cos.* (1985), 131 Ill. App. 3d 56, 58.) We must therefore determine whether the court correctly held the Act to be inapplicable to the undisputed facts of this case.

Primus was the general contractor for the construction of a residential complex called Boulder Hill Unit 35. Deuchler was the project engineer. Plaintiff's employer, Zwart Excavating, Inc. (Zwart), was a subcontractor hired by Primus to construct a sewer system to serve the complex. On the day plaintiff was injured, he crawled into a section of concrete sewer pipe to retrieve some rubber gaskets which had been stored there. The pipe section had not yet been installed and

was lying on the ground close to the trench. While he collected the gaskets, plaintiff knelt in the pipe with his head and torso inside, but with his lower legs protruding from it. In the meantime, another Zwart employee, Richard Zwart, Sr., began to extend the existing trench by using a tractor-like excavating machine called a backhoe. The backhoe was equipped with a shovel or bucket at the end of a long mechanical arm. After removing several bucket-loads of soil, Zwart decided to reposition the machine. He backed it up without looking behind him and ran over plaintiff's left foot and ankle.

Section 1 of the Structural Work Act provides:

> "[A]ll scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, òr passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

(Ill. Rev. Stat. 1985, ch. 48, par. 60.)

Section 9 of the Act affords a cause of action to any person injured as the result of a willful violation of the Act. Ill. Rev. Stat. 1985, ch. 48, par. 69.

The purpose of the Act is to protect persons involved in "extrahazardous occupations of working in and about construction, repairing, alteration or removal of buildings *** and other structures." (*Vuletich v. United States Steel Corp.* 117 Ill. 2d at 422; *Innis v. Elmhurst Dodge, Inc.* (1985), 107 Ill. 2d 151, 155.) While the Act should be liberally construed to effectuate that purpose (*Innis v. Elmhurst Dodge, Inc.*, 107 Ill. 2d at 155; *McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 151), it has never been interpreted to cover every construction activity (*Vuletich v. United States Steel Corp.*, 117 Ill. 2d at 422; *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536) or to afford a remedy for every injury resulting from the operation of machinery at a construction site. (*Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 623; see also *Langley v. J. L. Simmons Contracting Co.* (1987), 152 Ill. App. 3d 899, 901.) Its protections should not be extended by strained or unnatural interpretations. *Hall v. Canady* (1986), 149 Ill. App. 3d 544, 548.

■ Plaintiff contends that the pipe section on which he was kneeling constituted a "support" and that the backhoe was a "mechanical contrivance" under the Act. The courts have consistently held that all of the devices named in the Act ("scaffolds, hoists, cranes *** supports, or other mechanical contrivances") are support devices. (See, *e.g.*, *Langley v. J. L. Simmons Contracting Co.*, 152 Ill. App. 3d at 903; *Page v. Corley Cos.*, 131 Ill. App. 3d at 59; *Prange v. Kamar Construction Corp.* (1982), 109 Ill. App. 3d 1125, 1129.) It is clear, however, that not everything on which a worker stands is a support. (*Carlson v. Moline Board of Education* (1984), 124 Ill. App. 3d 967, 972; *Langley v. J. L. Simmons Contracting Corp.*, 152 Ill. App. 3d at 903.) The named devices' common feature has been described as "an artificial foundation bearing a load against gravity" (*Matthews v. Commonwealth Edison Co.* (1980), 90 Ill. App. 3d 1024, 1026), and "a temporary platform which elevates workers or materials from the permanent floor or ground level in order to perform or accommodate performance of a construction task" (*Page v. Corley Cos.*, 131 Ill. App. 3d at 59).

In *Louis v. Barenfanger* (1968), 39 Ill. 2d 445, the supreme court quoted at length from a Wisconsin opinion interpreting the terms "scaffolding" and "mechanical contrivance" from a similar statute:

" 'The scope thereof would reasonably include any temporary structure made up of parts *** used for support while doing any kind of work mentioned in the law,—any kind of an elevated platform for workmen to use in the performance of their duties. Any combination for use in doing any kind of work mentioned in the statute where the servant is dependable thereon for support, in place of an ordinary surface, such as the ground or floor, is a mechanical contrivance. The Legislature, in the combination of words, "scaffolding, hoists, stays, ladders or other mechanical contrivance," viewed in a broad remedial sense in favor of employees, left little, if anything, uncovered which may be used in the work mentioned, where required to be done beyond the reach of one standing on an ordinary surface.' " (39 Ill. 2d at 450, quoting *Koepp v. National Enameling & Stamping Co.* (1912), 151 Wis. 302, 314-15, 139 N.W. 179, 184.)

We do not believe that the sewer pipe involved in the instant case falls within the above classifications.

We find plaintiff's use of the pipe similar to the circumstances in *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417. In *Vuletich*, the supreme court held that temporary wooden stairs, used

only to enter and exit a tool storage trailer, were not "supports" under the Act. The court stated that, to determine whether a particular device is a support, one must consider not only its identity, but its intended use at the time of the injury. (117 Ill. 2d at 422.) The device must have acted as a working platform or provided support while the plaintiff was engaged in some hazardous activity. (117 Ill. 2d at 423.) In the instant case, plaintiff was inside the pipe at the time of his injury only to retrieve materials. He cannot reasonably be said to have been using the interior of the pipe as a working platform or to support him in the performance of a hazardous activity.

■ The more difficult question is whether the backhoe constitutes a support device under the Act. (Compare *Prange v. Kamar Construction Corp.* (1982), 109 Ill. App. 3d 1125 (holding that a tractor lifting a heavy load of poles was a support device), and *Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620 (summarily stating that a traxcavator is a "mechanical contrivance"), with *Matthews v. Commonwealth Edison Co.* (1980), 90 Ill. App. 3d 1024 (finding that a bulldozer was not a "mechanical contrivance"); see also *Urman v. Walter* (1981), 101 Ill. App. 3d 1085 (criticizing *Matthews*, but agreeing that the bulldozer in *Matthews* was not a "mechanical contrivance" under the Act).) However, even if we were to assume, as plaintiff urges, that the backhoe was a support device, plaintiff's claim must fail. The cases have consistently required that: (1) the danger involved in the use of the alleged support device be one which the legislature was attempting to alleviate (see, *e.g., Louis v. Barenfanger*, 39 Ill. 2d at 450; *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 298), and (2) the injury suffered be connected with the hazardous nature of the devices itemized in the Act. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 371; *Smyrniotis v. Brockob Construction Co.* (1986), 142 Ill. App. 3d 340, 343; *Cooley v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 685, 691.) In other words, both the danger and the defect must relate to the function of the device as a support. (See *Gill v. Parcable, Inc.* (1985), 138 Ill. App. 3d 409, 414; *St. John v. City of Naperville*, 108 Ill. App. 3d at 524.) The risks of using support devices include the possibility that workers or materials may fall from them, or that the supports themselves may collapse. See, *e.g., Tenenbaum v. City of Chicago*, 60 Ill. 2d at 371; *Langley v. J. L. Simmons Contracting Co.*, 152 Ill. App. 3d at 903; *Page v. Corley Cos.*, 131 Ill. App. 3d at 59.

The danger involved here was simply that someone might be struck or run over by the backhoe. Although plaintiff's ultimate injury was very serious, this was not one of the ultrahazardous risks which

the legislature sought to alleviate. (See *Page v. Corley Cos.*, 131 Ill. App. 3d at 61.) The backhoe did not collapse under the weight of its load or drop its load onto plaintiff. Rather, plaintiff was run over by it. His injury could as easily have been caused by any tractor-like machine being used in a manner wholly unrelated to the activities specified in the Act. Accordingly, the trial court correctly granted summary judgment in favor of defendants.

## II

We next review the trial court's dismissal of plaintiff's negligence claim against Primus. The claim alleged that Primus was the general contractor on the Boulder Hill construction project, that plaintiff's employer, Zwart, "was also engaged in the construction" of that project, and that plaintiff was run over by a backhoe while working on the sewer system. It alleged that Primus had a duty to avoid acts or omissions which would result in injury to the plaintiff and that this duty arose "under common law and under the requirements of OSHA." (The Occupational Safety and Health Act of 1970, 29 U.S.C. §§651 through 678 (1982).) It then set forth a portion of the OSHA regulations relating to general contractors and alleged that Primus failed, in violation of specific regulations, to require a horn or reverse signal on the backhoe or to require that a worker be assigned to signal the backhoe operator if it was not safe to move. It then generally alleged that Primus was negligent in failing to require adequate inspections or maintenance of the backhoe, in failing to require the installation of a rearview mirror on it, by permitting it to be operated in a dangerous condition, and in failing to insure that there was proper communication between the workers.

In its motion to dismiss, Primus argued that OSHA regulations do not create a private cause of action and that plaintiff failed to otherwise allege facts sufficient to support a negligence claim. Plaintiff made no written response to the motion, and the record contains no report of proceedings for the hearing. We therefore have no record of plaintiff's arguments on this issue below. The trial court's order dismissed the negligence count and added that "no cause of action in negligence can be pleaded and said action is terminated."

■ In reviewing the dismissal of a claim for failure to state a cause of action, a court must determine the legal sufficiency of the complaint. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 516.) All well-pleaded facts must be taken as true, and the pleadings must be liberally construed for the purpose of doing justice between the parties. (*Kirk v. Michael Reese Hospital & Medical*

*Center*, 117 Ill. 2d at 514, 516.) It is well established that a cause of action should not be dismissed on the pleadings unless it is clear that no set of facts can be proved which will entitle plaintiff to recover. (*Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286; *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305.) Nevertheless, the plaintiff must allege facts necessary for recovery under the theory asserted in his complaint. *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d at 516.

■ A complaint sounding in negligence must set out facts sufficient to establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach. (*Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d at 525; *Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213, 217.) Plaintiff apparently concedes that OSHA does not create a private cause of action in his favor (see, *e.g.*, *Jeter v. St. Regis Paper Co.* (5th Cir. 1975), 507 F.2d 973; *Russell v. Bartley* (6th Cir. 1974), 494 F.2d 334) but argues that he has alleged sufficient facts to state a cause of action in common law negligence. Primus argues that plaintiff has alleged no facts which establish that it owed plaintiff a duty. We agree.

■ Plaintiff's negligence claim does not allege that Primus or its employees controlled or operated the backhoe. In fact, it alleges no relationship whatever between his employer and Primus, except to state that Primus was the general contractor on the project. We may infer from that statement that Primus hired Zwart as a subcontractor, but there are no facts pleaded from which we may infer that Zwart was a servant-agent of Primus (and therefore capable of subjecting Primus to vicarious liability for its negligent acts) rather than an independent contractor. (See, *e.g.*, *Lewis v. Mount Greenwood Bank* (1980), 91 Ill. App. 3d 481, 487 (holding that the determinative factor in distinguishing an independent contractor from a servant is whether the principal has the right to control the contractor).) One who employs an independent contractor is not liable for the latter's acts or omissions (see, *e.g.*, *Gomien v. Wear-Ever Aluminum, Inc.* (1971), 50 Ill. 2d 19, 21; *Ryan v. Mobil Oil Corp.* (1987), 157 Ill. App. 3d 1069, 1078; *Pasko v. Commonwealth Edison Co.* (1973), 14 Ill. App. 3d 481, 487) except where the principal orders or directs the acts causing the harm, negligently selects an incompetent contractor (see *Gomien v. Wear-Ever Aluminum, Inc.*, 50 Ill. 2d at 21), or retains control over the "operative details of the contractor's work" (*Ryan v. Mobil Oil Corp.*, 157 Ill. App. 3d at 1078; see also *Pasko v. Commonwealth Edi-*

*son Co.*, 14 Ill. App. 3d at 487-88). Plaintiff has not alleged that Primus negligently selected Zwart, nor has he alleged any facts from which we might infer that Primus directed, or retained the authority to direct or control, the manner in which Zwart performed its work. Rather, the complaint summarily states only that Primus negligently failed to require Zwart to employ specific safety procedures or devices. This conclusion is insufficient to establish a duty.

Relying on *Ryan v. Mobil Oil Corp.* (1987), 157 Ill. App. 3d 1069, however, plaintiff argues that a contractual agreement by which a general contractor requires the subcontractor to perform its work in compliance with OSHA regulations creates a duty on the part of the general contractor to ensure that the work meets those standards. Plaintiff claims that the contract between Zwart and Primus includes a provision requiring Zwart to comply with OSHA regulations and that Primus therefore had a duty to ensure that Zwart complied with them.

The plaintiff in *Ryan* was injured when the truck in which he was riding struck a pothole on Mobil's property. (*Ryan,* 157 Ill. App. 3d at 1073.) The truck was owned by plaintiff's employer, J-B Industrial Painting, which had been hired by Mobil to do some work at one of Mobil's refineries. J-B's operation of the truck violated OSHA safety regulations, which were included among the job specifications J-B was required to meet. Mobil appealed from a jury verdict in favor of the plaintiff, arguing that the jury had in effect found it liable for failing to enforce OSHA regulations and its own safety rules. (*Ryan,* 157 Ill. App. 3d at 1077-78.) While the *Ryan* court rejected Mobil's arguments, we cannot agree with plaintiff's interpretation of that decision. The *Ryan* court did not hold that Mobil's contract with J-B imposed a common law duty on Mobil to enforce the contract's safety provisions. Rather, the court based its affirmance of the verdict on testimony by Mobil employees which independently established that "it was Mobil's duty to insure that a contractor's work met the job specifications of the contract." (*Ryan,* 157 Ill. App. 3d at 1077.) Mobil's contract coordinator testified that it was part of his job to see that the contract specifications, including conformance with OSHA standards, were followed. (*Ryan,* 157 Ill. App. 3d at 1077.) He testified that "Mobil had the responsibility to insure that J-B's work was being done in a safe manner" (*Ryan,* 157 Ill. App. 3d at 1078), and that he had the authority "to stop J-B from doing anything in an unsafe manner" (*Ryan,* 157 Ill. App. 3d at 1078). In the instant case, plaintiff has alleged no facts which would support the inference that Primus monitored Zwart's contract performance in a similar manner or that Primus re-

tained the authority (contractually or otherwise) to control or interrupt Zwart's work. Plaintiff's pleadings therefore fail to allege sufficient facts to create a duty owed by Primus.

■ Plaintiff finally argues that the trial court erred in dismissing his negligence claim with prejudice, rather than giving him the opportunity to replead. We note that a trial court has discretion to allow an amendment to the pleadings or to terminate the litigation, and its judgment will not be reversed on appeal absent an abuse of that discretion. (See *Latex Glove Co. v. Gruen* (1986), 146 Ill. App. 3d 868, 875-76; *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 749.) While a court should not dismiss a complaint with prejudice if the plaintiff can, by amendment, state a cause of action (*Russell H. Lankton Construction Co. v. LaHood* (1986), 143 Ill. App. 3d 806, 808), it is the plaintiff's burden to persuade the trial judge to dismiss without prejudice if he wishes to replead. *Illinois Municipal League v. Illinois State Labor Relations Board* (1986), 140 Ill. App. 3d 592, 608.

■ There is no indication in the record that the plaintiff requested the opportunity to amend his pleadings or that he brought to the attention of the trial court additional facts which might enable him to state a cause of action by amendment. It therefore appears that plaintiff elected to stand on his pleadings. (*Illinois Municipal League v. Illinois State Labor Relations Board*, 140 Ill. App. 3d at 608.) We additionally note that the negligence claim was filed for the first time in plaintiff's third pleading. He had ample opportunity to state a cause of action against Primus but failed to do so. (See *Plocar v. Dunkin' Donuts of America, Inc.*, 103 Ill. App. 3d at 750.) We find no abuse of discretion in the trial court's order dismissing the claim with prejudice.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.