GARY TRACY, Plaintiff-Appellant, v. MONTGOMERY WARD & COMPANY *et al.*, Defendants-Appellees.

Fourth District    No. 4—89—0334

Opinion filed January 18, 1990.

Jerome Mirza & Associates, Ltd., of Bloomington (Eileen M. O'Sullivan, of counsel), for appellant.

Nathan R. Miller, of Prusak & Winne, Ltd., of Peoria, for appellee HCI Heinz Construction, Inc.

John L. McCullin and Beth Kemp, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellee Montgomery Ward & Company.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff timely filed a tort action alleging defendants breached the Structural Work Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*), proximately causing injury to his back. The circuit court of McLean County granted defendants' motions for summary judgment and dismissed plaintiff's complaint with prejudice. Plaintiff appeals. We affirm the judgment of the circuit court.

Defendant HCI Heinz Construction, Inc. (HCI), was general contractor in the construction of a shopping mall in Normal, Illinois. Clifford Kaufman and Sons Construction Company (Kaufman), a subcontrator involved in building the mall, hired plaintiff as a laborer. Plaintiff assisted block and bricklayers, bringing them blocks, bricks, and mortar. The block and bricklayers stood on wood planks that lay across the top of tubular scaffolding.

On October 25, 1980, plaintiff, then 35 years old, was working on construction of Montgomery Ward's (Ward's) store. Chauncy James (James), a laborer employed by Kaufman to erect and maintain scaffolding, requested plaintiff and two other laborers assist him in moving an assembled section of scaffolding. The section needed to be turned 90 degrees and moved six to seven feet. While lifting and moving the section, which weighed more than 100 pounds and was 20 to 25 feet tall, plaintiff ruptured the L4-L5 disk in his back.

Plaintiff filed a complaint against defendants alleging the scaffold was not erected and constructed in a safe, suitable, and proper manner, and was not placed and operated so as to give adequate protection to the life and limb of persons employed to work with it, as laborers such as plaintiff were required to move and lift several sections of scaffold which were too heavy and dangerous to move. The complaint alleged defendants wilfully violated the Act. (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69.) Plaintiff alleged the wilful violation of the Act by defendants was the proximate cause of his injuries. He sought damages in excess of $15,000 and costs.

Ward and HCI moved for summary judgment in January 1986. On

March 10, 1986, Judge Keith Campbell denied defendants' motions for summary judgment.

Discovery, which occurred primarily during 1985, revealed James, Kaufman's employee, had control over and responsibility for the scaffolding used by Kaufman employees. James' supervisor was also a Kaufman employee. The laborers giving depositions testified they believed both Ward and HCI had supervisors at the jobsite each day, but these supervisors never gave orders to Kaufman's laborers or directed their work. Only one deponent could remember the name of Ward's supervisor. In a response to interrogatories, Ward claimed it provided no equipment, in the form of scaffolding or ladders, for the project.

HCI moved for reconsideration of the previous order denying summary judgment and again for summary judgment on March 28, 1988. Ward filed a similar motion on April 14, 1988. Plaintiff moved for leave to file an amended complaint on November 9, 1988, while defendants' motions for reconsideration and for summary judgment were pending. On March 23, 1989, Judge Dozier granted defendants' motions for summary judgment and denied plaintiff leave to file an amended complaint.

Plaintiff filed a motion for reconsideration and for leave to file an amended complaint on April 13, 1989. On April 20, 1989, Judge Caisley allowed plaintiff to file the amended complaint first proposed on November 9, 1988, and then applied the summary judgment motions granted March 23, 1989, to the amended complaint. Plaintiff filed a timely notice of appeal.

Plaintiff raises several issues on appeal. First, he argues the circuit court should not have granted defendants' motions for reconsideration of the first decision denying summary judgment because defendants presented no new facts which would alter the basis of the first decision. Next, plaintiff contends defendants were not entitled to summary judgment as a matter of law. Finally, plaintiff argues defendants were in charge of the work and wilfully violated the Act.

We begin with the first issue raised. Judge Campbell denied defendants' motions for summary judgment in March 1986. Two years later defendants moved for reconsideration of Judge Campbell's order. Judge Dozier granted summary judgment for defendants. Plaintiff notes summary judgment is a drastic means of disposing of a case and should be granted only when the right to summary judgment of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) Because two judges reached opposite conclusions on the summary judgment motions, plaintiff argues the decision was not clear and free from doubt and thus the

court should not have granted defendants' motions.

The Illinois Supreme Court has repeatedly held:

> "[T]he circuit court has the inherent power to modify or vacate an interlocutory order granting summary judgment any time before final judgment. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 121; *Leopold v. Levin* (1970), 45 Ill. 2d 434, 446; *Fort Dearborn Lodge No. 214 v. Klein* (1885), 115 Ill. 177, 181.) It is true that this court has disapproved of one judge reviewing interlocutory orders entered by another judge where there is evidence of bad faith or 'judge shopping' by the party who obtains an adverse ruling." (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 213-14, 531 N.E.2d 1358, 1363.)

Defendants in the *Rowe* case moved for summary judgment, and the circuit court denied the motion. Later, the defendants moved for reconsideration of the denial of their prior motion for summary judgment. The circuit court, a different judge, granted the motion. The case had been reassigned to a second judge pursuant to an administrative order establishing criminal and civil divisions within the circuit.

The record on appeal in this case indicates the change in judges was the result of a rotation of judges in the circuit. We find no evidence of bad faith or "judge shopping" in defendants' motions for reconsideration and for summary judgment. We must next determine whether defendants were entitled to summary judgment as a matter of law.

"It is well settled that summary judgment is appropriate where the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 421, 512 N.E.2d 1223, 1224. See also Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.

The parties do not dispute the cause or extent of plaintiff's injury. There are no issues of fact. Instead there are legal issues: whether moving scaffolding is an activity covered by the Act, whether defendants were in charge of plaintiff's work, and whether defendants wilfully violated the Act. These questions require statutory construction and are thus issues of law to be resolved by the court. *Vuletich*, 117 Ill. 2d at 423, 512 N.E.2d at 1225.

> "A cause of action for a violation of the Act consists of seven elements: (1) the plaintiff must have been involved in a construction activity covered by the Act; (2) the activity was being performed with reference to a structure covered by the Act; (3)

a scaffold or other mechanical device as defined by the Act was being used in the activity; (4) the scaffold or device was unsafe, or not safely placed or operated; (5) the unsafe condition proximately caused plaintiff's injury; (6) the defendant had charge of the work, as that phrase has been interpreted under the Act; and (7) the defendant wilfully violated the Act." *Smith v. Central Illinois Public Service Co.* (1988), 176 Ill. App. 3d 482, 488, 531 N.E.2d 51, 55.

■ Plaintiff argues the activity he engaged in, moving the scaffold, is within the scope of the Act. He contends the scaffold moved was in a dangerous condition because the planking across the top was not attached to the scaffold. This made the scaffold top-heavy and unwieldy. It was impossible to keep it evenly balanced. Further, had the scaffold tipped, the planks would have fallen and might have hit the plaintiff.

"The cases have consistently required that: (1) the danger involved in the use of the alleged support device be one which the legislature was attempting to alleviate (see, *e.g., Louis v. Barenfanger*, 39 Ill. 2d at 450; *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 298), and (2) the injury suffered be connected with the hazardous nature of the devices itemized in the Act. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 371; *Smyrniotis v. Brockob Construction Co.* (1986), 142 Ill. App. 3d 340, 343; *Cooley v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 685, 691.) In other words, both the danger and the defect must relate to the function of the device as a support. (See *Gill v. Parcable, Inc.* (1985), 138 Ill. App. 3d 409, 414; *St. John v. City of Naperville*, 108 Ill. App. 3d at 524.) The risks of using support devices include the possibility that workers or materials may fall from them, or that the supports themselves may collapse. See, *e.g., Tenenbaum v. City of Chicago*, 60 Ill. 2d at 371; *Langley v. J.L. Simmons Contracting Co.*, 152 Ill. App. 3d at 903; *Page v. Corley Cos.*, 131 Ill. App. 3d at 59." *Dvorak v. Primus Corp.* (1988), 168 Ill. App. 3d 625, 631, 522 N.E.2d 881, 885.

■ Given the facts of this case, we conclude that moving the scaffold was not activity covered by the Act. This does not mean, however, that the Act will never apply to moving a scaffold. The facts of this case simply do not support such a decision. The record on appeal contains no evidence of a defect in the scaffold plaintiff lifted and moved. Nor does the record support plaintiff's assertion that the scaffold tipped in his direction. Defendants were entitled to summary

judgment as a matter of law. Because we have reached this conclusion, we need not address the two remaining issues plaintiff raises.

Judgment of the McLean County circuit court is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.