OLLY BAKKAN, Adm'r of the Estate of Arne Bakkan, Plaintiff-Appellant, v. JOHN J. VONDRAN *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—0285

Opinion filed August 8, 1990.

John W. Lally, of Chicago, for appellant.

Brinton, Bollinger & Ruberry, of Chicago (Mark Wolfe and Timothy I. McArdle, of counsel), for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, as administrator of the estate of Arne Bakkan, sought to impose liability on defendants John Vondran, Kathleen Vondran and Jeffrey Counter, doing business as C-V Development for violations of the Structural Work Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*). The circuit court entered an order granting defendants' motion for summary judgment. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) Plaintiff now appeals.

The facts in this case are not disputed. Plaintiff's decedent was employed as a carpenter by the Wahlburg Construction Company (Wahlburg). On January 30, 1987, Dominick McNicholas, foreman for Wahlburg, gave decedent two assignments, framing a door and hanging dry wall, on the third floor of a building which was owned by defendants. Decedent, who plaintiff and defendants claim was an experienced carpenter, was not given any instruction on how to perform the assigned tasks. Decedent went up to the third floor, alone, to work. An hour later, when McNicholas went up to check on his pro-

gress, decedent was lying, unconscious, on the ground on the third floor.

Other workers in the building did not know what had happened to decedent since no one saw or heard him fall. An "A" frame ladder, which was on top of the scaffold, was tipped over and leaning against the wall. The scaffold itself was also tipped over at about a 65 degree angle. No one saw decedent get on the scaffold. Decedent's body was found lying near the scaffold. Deposition testimony of two post-occurrence witnesses conflicted as to whether decedent's body was lying beside or under the scaffold.

As a result of the decedent's fall and subsequent death, plaintiff, in her first amended complaint, alleged that defendants, as owners of the building, violated the Illinois Structural Work Act (the Act) and that the violation was the proximate cause of decedent's death. Defendants filed a motion for summary judgment premised on the fact that plaintiff was unable to offer any evidence that the alleged violation of the Act was the proximate cause of decedent's injury. The trial court granted defendants' motion. Plaintiff appeals. We affirm.

As a preliminary matter we note, without consequence, that plaintiff is erroneously designated in the complaint as the administrator of the decedent's estate. "The Structural Work Act creates a distinct cause of action in the dependents of a deceased in their individual capacities." (*Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 103, 426 N.E.2d 614.) Dependents do not recover through the personal representative of the decedent's estate, nor through the decedent's estate. (*Bryntesen v. Carroll Construction Co.* (1960), 26 Ill. App. 2d 307, 312, 167 N.E.2d 581, *rev'd on other grounds* (1961), 22 Ill. 2d 63, 174 N.E.2d 172, *on remand* (1962), 36 Ill. App. 2d 167, 184 N.E.2d 129, *aff'd* (1963), 27 Ill. 2d 566, 190 N.E.2d 315.) A death claim under the Act can only be maintained by the widow and children in their individual capacities. (*Gramse*, 100 Ill. App. 3d at 104, citing *Bryntesen*, 27 Ill. 2d 566, 190 N.E.2d 315.) Nonetheless, the substance of plaintiff's complaint clearly sets forth her theory of recovery under the Structural Work Act; thus, the erroneous designation is not fatal. See *Liberty Mutual Insurance Co. v. Lloyd Schoenheit Truck & Tractor Service, Inc.* (1989), 191 Ill. App. 3d 578, 582, 547 N.E.2d 1272.

Plaintiff's sole contention on appeal is that the trial court erred in granting defendants' motion for summary judgment. Plaintiff contends that summary judgment was improper since there was circumstantial evidence from which a jury could infer that decedent's death resulted from falling off of an unsafe scaffold. Defendants argue that

since plaintiff failed to show a connection between the scaffold/ladder and decedent's injury, plaintiff has failed to satisfy the elements necessary to state a cause of action under the Act.

We must decide whether there was sufficient evidence to raise a jury question on whether defendants violated the Act. Summary judgment is proper when there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 421, 512 N.E.2d 1223; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) The court's function on such a motion is not to resolve a disputed factual question, but rather to determine whether one exists. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112, 514 N.E.2d 188; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) Where the pleadings, depositions, and affidavits fail to establish an element of the plaintiff's cause of action, summary judgment is proper. *Smith v. Excello Press, Inc.* (1988), 169 Ill. App. 3d 1084, 1091, 523 N.E.2d 1231; *Brunsfeld v. Mineola Hotel & Restaurant, Inc.* (1983), 119 Ill. App. 3d 337, 456 N.E.2d 361.

To state a cause of action for a violation of the Structural Work Act the plaintiff must show, *inter alia*, that a scaffold or other device, as defined by the Act, created an unsafe condition which was the proximate cause of the plaintiff's injuries. (*Tracy v. Montgomery Ward Co.* (1990), 193 Ill. App. 3d 304, 307-08, 549 N.E.2d 984; *Smith*, 169 Ill. App. 3d 1084.) A cause of action may only be maintained under the Act when it is shown that the injury has some connection with the hazardous nature of one of the devices named therein. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 371, 325 N.E.2d 607; *Dickmann v. Midwest Interstate Electrical Construction Co.* (1986), 143 Ill. App. 3d 494, 493 N.E.2d 33; *St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 439 N.E.2d 12.) Ordinarily, the question of proximate cause under the Act is a question of fact for the jury. It becomes a question of law only where there can be no difference in the judgment of reasonable men on inferences to be drawn. *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 848, 463 N.E.2d 921; *Wilson v. Illinois Bell Telephone Co.* (1974), 19 Ill. App. 3d 47, 310 N.E.2d 729.

Plaintiff invites our attention to three cases in support of her argument that it is reasonable to infer defendants' negligence from the facts here presented. The cases are distinguishable. In the first case, *McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 515 N.E.2d 157, the appellate court found that there was sufficient circumstantial evidence from which a reasonable inference could be drawn that the

plaintiff's fall resulted from an unsafe ladder. There, a witness testified that he saw the decedent standing on the roof near the boiler room ladder hatchway, saw him place his left hand on the hatchway on the ladder, and then, peripherally perceived his fall. While the witness did not actually see the decedent on the ladder, he had witnessed the decedent's action immediately prior to the fall. Those actions, the court held, clearly permitted a reasonable inference that the decedent intended to descend the ladder.

In the present case there is no evidence that decedent was preparing to get on, come down from, or that he was even on the scaffold/ladder when he fell. The only evidence which tends to show that he was ever on the scaffold was the fact that a piece of dry wall had actually been hung. According to the deposition testimony of Patrick Hastings, a carpenter for Wahlburg at the time of the incident, there was some dry wall, plywood and a few two-by-fours on the third floor, but there were no work materials on the scaffold.

Plaintiff repeatedly mentions the "critical condition" of decedent as a factor in support of the inference that decedent fell from a high place. The record reveals only that decedent was lying on the floor "with foam coming from his mouth." Hastings, who testified that he did not see any marks on decedent, stated that, until he heard about the "head damage," he believed that decedent had suffered a heart attack. The record is devoid of any expert testimony concerning the extent of any head injuries or the decedent's condition on the floor. The bare facts that decedent was unconscious and foaming at the mouth do not necessarily lead to the conclusion that he fell from a high place.

In the second case, *Rysdon Products Co. v. Industrial Comm'n* (1966), 34 Ill. 2d 326, 215 N.E.2d 261, our supreme court held that it was reasonable to infer that the plaintiff's injuries were work related where the plaintiff, at the time of his fall, was an otherwise healthy individual, was working in a closed and unventilated room on a humid day, using a glue that emitted fumes which could be harmful upon excessive inhalation. In addition, there had been evidence, albeit contradictory, that the uneven floor in the workplace had caused the plaintiff's fall.

Unlike In *Rysdon*, the reason for decedent's fall in our case is clearly less certain. In *Rysdon* the court found it to be probable that the plaintiff was either overwhelmed by the glue fumes or fell as a result of the uneven floor. Under either scenario, there was evidence that the resulting injury was work related. Here, decedent's fall could have been the result of factors not even remotely related to work. We

also note that the plaintiff in *Rysdon* was in good health; there was no evidence presented in this case concerning the decedent's prior health condition. Additionally, the plaintiff in *Rysdon* was available to give direct testimony as to the events which occurred immediately preceding his injuries. Here, the trial court did not have the benefit of such testimony.

Finally, in the third case, *Siete v. Industrial Comm'n* (1962), 24 Ill. 2d 368, 181 N.E.2d 156, the decedent, who was in good health, was seen operating a machine with long blades and hurrying towards it with a wrench. Shortly thereafter, the decedent was found lying unconscious and bleeding beside the machine, which also had blood on it. The causal connections present in *Siete* simply are not present in our case.

■■ ■ Inferences may be drawn from the facts which are not in dispute, and where reasonable minds would draw different inferences from these facts then a triable issue exists. (*Branson v. R & L Investment, Inc.* (1990), 196 Ill. App. 3d 1088, 1094, 554 N.E.2d 624; *Alcorn v. Stepzinski* (1989), 185 Ill. App. 3d 1, 540 N.E.2d 823.) In order to draw other inferences, the evidence presented must be of such a character that the inference drawn is reasonable. (*Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 33, 468 N.E.2d 422.) Additionally, a fact is not established from circumstantial evidence unless the circumstances or events are so related to each other, so as to make the conclusion the only probable, not merely possible, one which can be drawn from them. (*Johnson v. Burlington Northern, Inc.* (1982), 107 Ill. App. 3d 130, 135, 437 N.E.2d 334.) Proper inferences cannot be based on mere conjecture or speculation as to what possibly happened to cause an injury. *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 924-25, 489 N.E.2d 409; *McCormick v. Maplehurst Winter Sports, Ltd.* (1988), 166 Ill. App. 3d 93, 519 N.E.2d 469.

" 'Where from the proven facts the nonexistence of the fact to be inferred appears to be just as probable as its existence (or more probable than its existence), then the conclusion that it exists is a matter of speculation, surmise, and conjecture, and a jury will not be allowed to draw it.' " *Consolino*, 127 Ill. App. 3d at 34, quoting James, *Sufficiency of the Evidence and Jury-Control Devices Available Before Verdict*, 47 Va. L. Rev. 218, 221-22 (1961).

In *Salinas v. Chicago Park District* (1989), 189 Ill. App. 3d 55, 58-59, 545 N.E.2d 184, summary judgment was held to have been properly granted where it could not be determined whether the child plaintiff fell from the stairs, while trying to enter an alleged defective platform of a playground slide, or from the platform itself. The child's

mother had observed the child climbing the stairs toward the platform; however, she did not see the child fall. The court held that there was no evidence as to where the child was at the time of the fall or as to what caused it. Since there was no evidence that the child had climbed all of the stairs and attempted to climb from the last stair to the platform, a finding that the fall was the result of any defect in the platform would be speculative.

Here, in order for plaintiff to prevail she had to show sufficient facts from which it would be rational to draw the inference that the scaffold/ladder was the probable, not merely possible, cause of decedent's fall. The evidence presented showed only that a ladder was positioned on top of a scaffold, both pieces of equipment were tipped and leaning against a wall, a small piece of dry wall had been hung, and decedent was lying on the floor, unconscious.

While it is possible that decedent fell as a result of unsafe equipment, it is equally possible, based on these facts, that he fell as a result of some other cause, wholly unrelated to the scaffold and ladder. Since it is just as possible that decedent's fall was caused by other reasons, to infer that the cause was the scaffold/ladder would be speculative at best. We therefore hold that summary judgment was proper.

For the foregoing reasons we affirm the order of the circuit court.

Affirmed.

CERDA, P.J., and WHITE, J., concur.