GERARDO CARRILLO, Plaintiff-Appellant, v. PEPPER CONSTRUCTION COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—89—1566

Opinion filed July 25, 1990.—Rehearing denied August 24, 1990.

Doyle & Ryan, Ltd., of Chicago (James M. Harman, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (Timothy J. Ashe, J. Randall Davis, and Lynn D. Dowd, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Gerardo Carrillo, appeals from a summary judgment in favor of defendant, Pepper Construction Company, on count I of his complaint which alleged a cause of action under the Illinois Structural Work Act (Act) (Ill. Rev. Stat. 1989, ch. 48, pars. 60 through 69). The trial court found no just reason for delaying appeal of the summary judgment. (107 Ill. 2d R. 304.) The issue on appeal is whether the Act may impose liability for the placement of an instrumentality that is covered under the Act where the instrumentality is secure and properly supported but the placement of the instrumentality is a proximate cause of the worker being injured while dismounting from the instrumentality. We conclude that such a resulting injury may be covered under the Act. We therefore reverse the summary judgment and remand for further proceedings.

On March 18, 1985, plaintiff was injured while installing drywall in a Chicago, Illinois, hotel renovation project. Plaintiff was employed by a drywall subcontractor to defendant, who was the general contractor on the project. Plaintiff was assigned to the ballroom area of the hotel, where he worked for approximately one week prior to the accident. Workers from other trades, such as carpentry and plumbing, were also working in the ballroom, causing congestion and creating debris in the area. In addition, defendant's employees were present in the ballroom.

On the day of the accident, there was so much debris surrounding plaintiff's work area that only one scaffold-like bench could be used. Plaintiff was installing drywall by standing on the bench, which was about four feet high. After hanging a piece of drywall, plaintiff stepped off the bench onto what appeared to be an open space covered by insulation paper. As plaintiff stepped off the bench, he twisted his knee and fell to the ground when he stepped onto a pipe which was underneath the insulation paper.

Plaintiff alleged in count I that defendant was in charge of the work and that defendant willfully violated the Act, and that as a proximate cause he was injured. Plaintiff does not argue that the bench was structurally defective; rather, he argues that the Act requires that an instrumentality that is covered under the Act not only

be safely constructed, but that it also be placed in a way that it protects the worker from being injured while dismounting. The trial court agreed, however, with defendant's argument that the placement of the bench is relevant only to the issue of whether the bench was secure and properly supported, and that liability is not imposed under the Act for placement of the bench unless the placement resulted in the bench not being secure or properly supported.

■■ The Act provides:

"All scaffolds, *** ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any *** structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." Ill. Rev. Stat. 1989, ch. 48, par. 60.

■■ ■ The Act must be construed to give effect to the legislative intention, which must be ascertained not only from the language of the act but from the evil to be remedied and the object to be obtained. (*Gannon v. Chicago, Milwaukee, Saint Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 317, 175 N.E.2d 785, 791.) The evil to be remedied and the object to be obtained by the Act are to prevent injuries to persons employed in dangerous and extrahazardous occupations so that negligence on their part in the manner of doing their work might not prove fatal. (*Smith v. Georgia Pacific Corp.* (1980), 86 Ill. App. 3d 570, 573, 408 N.E.2d 117, 119.) However, although the evil to be remedied and the object to be obtained by the Act may fit the circumstances of a particular case, a defendant is not liable under the Act unless the defendant's violation was a proximate cause of the plaintiff's injury. Usually it is a factual question to be determined by all attending facts and circumstances whether the defendant's violation was a proximate cause of plaintiff's injury. It is fundamental, however, that there may be more than one proximate cause of an injury. Liability will attach if the defendant's violation of the Act contributed in whole or in part to the plaintiff's injury, so long as it was one of the proximate causes of the injury. *Ewert v. Wieboldt Stores, Inc.* (1980), 84 Ill. App. 3d 1008, 1014, 405 N.E.2d 1283, 1287.

■ In our view, the evil to be remedied and the object to be obtained by the Act demand that a worker be protected while mounting

or dismounting from an instrumentality covered under the Act. Moreover, we believe that if a worker is injured while mounting or dismounting an instrumentality that is covered under the Act, the placement of the instrumentality may be a proximate cause of the worker being injured. In this context, dismounting covers the period from the time that the worker begins to dismount until he has completely and safely dismounted. Here, since it is possible that a proximate cause of the plaintiff's injury may have been the fact that the bench was placed so that the plaintiff was not able to safely complete his dismount, we conclude that the occurrence may be covered under the Act.

■ In reaching our conclusion, we reject defendant's contention that the placement of an instrumentality under the Act goes solely to the issue of whether the instrumentality was secure and properly supported. (Compare *Overbeck v. Jon Construction, Inc.* (1989), 184 Ill. App. 3d 918, 923-25, 540 N.E.2d 969 (and cases cited therein).) In addition, we reject defendant's contentions that the bench on which the plaintiff was working was not intended to have been used as a support device and that plaintiff was not performing a structural activity when he was injured. The bench as used in this case clearly appears to be an instrumentality that is covered under the Act, and the evil to be remedied and the object to be obtained by the Act plainly demand that the worker be covered under the Act until he completely and safely dismounts. Thus, defendant's contentions are not tenable.

Accordingly, we conclude that the plaintiff has alleged a cause of action that may be sustained under the Act, and that summary judgment was not proper. The summary judgment is therefore reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

CERDA, P.J., and WHITE, J., concur.