GREGORY ROBERSON, Plaintiff-Appellant, v. WILLIAM MOLLECK, Defendant-Appellee.

Third District   No. 3—91—0546

Opinion filed July 7, 1992.

Nile J. Williamson, of Peoria, for appellant.

Karen L. Kendall, Roger R. Clayton, and J. Kevin Wolfe, all of Heyl, Royster, Voelker & Allen, of Peoria (Bradley S. McMillan, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Plaintiff Gregory Roberson filed a two-count complaint claiming damages for personal injuries sustained on July 5, 1989, while dismounting from a Case Uni-Loader tractor on a construction site owned by defendant William Molleck. The complaint charged violations of the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*) (count I) and the Premises Liability Act (Ill. Rev. Stat. 1989, ch. 80, par. 301 *et seq.*) (count II). After discovery, the circuit court of Peoria County granted defendant's motion for summary judgment on

grounds that the machine in question was not a "mechanical contrivance" as contemplated by the Structural Work Act and that defendant owed no duty to protect plaintiff from the type of injury sustained for purposes of count II. Plaintiff appeals. We affirm.

At the time of the accident in question, plaintiff was using the uni-loader, or "endloader," to grade a driveway before filling with sand and pouring concrete. Plaintiff described the soil as hard and clayish, which would become gummy when wet; however, he could not recall at the time of his deposition whether it was in fact wet on the date of the accident. Plaintiff had to dismount the uni-loader several times to reset stakes and lines and then climb back into the machine to continue the grading operation. Plaintiff explained that he stepped into the bucket and then up onto a little plate along the top of the bucket and then, gripping a handle attached to the side of the uni-loader, he stepped onto another plate covered with sandpaper-like material before entering the tractor. He had done this mounting and dismounting procedure successfully several times before the accident and was unable to state whether any debris had collected on the plates prior to his fall. The fall occurred while dismounting, when plaintiff's right foot slipped off of the plate on the bucket and his leg slid between the bucket and the chassis. The leg twisted, popped and hurt. In his complaint, plaintiff charged that defendant, as owner of the premises and general contractor, had willfully violated the Structural Work Act by failing to protect plaintiff from the injuries he suffered.

The Illinois Structural Work Act provides:

> "All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Ill. Rev. Stat. 1989, ch. 48, par. 60.)

A willful violation of the Act may give rise to a cause of action for damages. (Ill. Rev. Stat. 1989, ch. 48, par. 69.) The question in this case is whether the uni-loader was a "mechanical contrivance" as contemplated by the Act. In granting summary judgment for defendant, the trial court determined that it was not as a matter of law.

Summary judgment is properly granted where the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (*Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 512 N.E.2d 1223.) Whether a certain device is governed by the Act is a matter of statutory construction—ergo, a question of law. Whether a particular device is a support within the contemplation of the Act depends upon the intended use of the device at the time of the injury. *Vuletich,* 117 Ill. 2d at 422, 512 N.E.2d at 1225.

In *Lafata v. Village of Lisle* (1990), 137 Ill. 2d 347, 561 N.E.2d 38, our supreme court held that an endloader used in the installation of sewer and water pipes was a mechanical contrivance as contemplated by the Act. In *Carrillo v. Pepper Construction Co.* (1990), 201 Ill. App. 3d 647, 559 N.E.2d 191, the court held that plaintiff's injuries suffered when he fell dismounting a bench at a construction site may be covered by the Act. Plaintiff urges that we apply these cases to the facts herein. Defendant argues that plaintiff's cases are distinguishable by the use being put to the device purportedly causing the injuries. We agree.

In *Lafata,* the court observed that the Structural Work Act was enacted to protect workers engaged in extrahazardous work and that its coverage extends to devices used to support both materials and workers. The court there stated:

> "[I]f the intended use of the mechanical device at the time of plaintiff's injury was to elevate or provide support for materials, or for persons employed or engaged on the device, it possessed the characteristics that would cause it to be considered a mechanical contrivance within the meaning of the statute." (*Lafata,* 137 Ill. 2d at 355, 561 N.E.2d at 42.)

The endloader in *Lafata* was being used to lift pipe sections three or four feet above ground and transport them from a stockpile to the shoulders of the trenches a half block away, where they would be installed in the ground. The court likened this use to that of a mobile crane. Plaintiff, who was supposed to be walking beside the endloader to prevent a pipe section from tilting, tripped and fell in front of the endloader, and the endloader came to rest on top of him. The court noted that "the danger inherent in the way in which the endloader was being used had a peculiar connection with the construction of the structure." The court ruled on these facts that use of the endloader "was crucial to the installation of the sewer system and sufficiently unique to a construction site to fall within the coverage of the Act." 137 Ill. 2d at 358, 561 N.E.2d at 43.

In *Carrillo*, plaintiff was standing on a four-foot-high bench hanging drywall in a hotel ballroom where numerous other workers were also working on carpentry, plumbing, etc. In attempting to dismount the bench, plaintiff stepped on some paper that concealed a pipe on the floor. The issue in *Carrillo* was not whether the bench was a mechanical device within the meaning of the Act, but whether the plaintiff's acts of mounting and dismounting it were covered structural activities. The court ruled that once the instrumentality is determined to be one falling within the Act, then the Act was intended to cover the worker "until he has completely and safely dismounted." *Carrillo*, 201 Ill. App. 3d at 650, 559 N.E.2d at 193.

■ As defendant here correctly notes, none of the cases relied upon by plaintiff support his argument that the endloader as used in this case was a mechanical contrivance within the meaning of the Act. The uni-loader was being used simply to move soil around the excavated driveway area to provide a proper grade. Plaintiff mounted it to operate it as it was intended to be operated. He was not using it to support himself to perform other construction activity. (*Cf. Carrillo*, 201 Ill. App. 3d 647, 559 N.E.2d 191.) The uni-loader was not specially adapted as in *Lafata* to support equipment, materials or workers. The bucket was not being used to support material or as a lift in the construction of the driveway. (*Cf. Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 427 N.E.2d 193.) As such, the use of the uni-loader here did not transform the activity plaintiff was engaged in from a usual construction hazard to an extrahazardous activity covered by the Structural Work Act. (See *Matthews v. Commonwealth Edison Co.* (1980), 90 Ill. App. 3d 1024, 414 N.E.2d 147 (use of bulldozer to knock down trees did not transform tractor where plaintiff sat into mechanical contrivance under the Act).) Accordingly, we find that the trial court did not err in granting summary judgment on count I of plaintiff's complaint.

Similarly, we find no error in the trial court's ruling as to count II. The Premises Liability Act provides that "[t]he duty owed to [invitees and licensees] is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1989, ch. 80, par. 302.) In this case, plaintiff's complaint alleges that defendant was negligent with respect to plaintiff's use of the endloader.

■ It is undisputed that the equipment plaintiff was operating was owned by Jay Williams, the subcontractor plaintiff worked for. There is no allegation of defect in the land or other property owned by defendant on the site. Although given an opportunity to amend his

complaint to allege a duty owing plaintiff by the defendant landowner, plaintiff chose to stand on his complaint. Since plaintiff has failed to allege that his injuries were in any respect related to a condition of the premises owned by this defendant, we affirm the trial court's grant of summary judgment for defendant under the Premises Liability Act.

The judgment of the circuit court is affirmed.

Affirmed.

STOUDER and McCUSKEY, JJ., concur.