FORB QUINLIN, Plaintiff-Appellant, v. NORTHWESTERN STEEL & WIRE COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—1789

Opinion filed December 30, 1985.

Goldberg, Fohrman & Weisman, Ltd., of Chicago (Frank R. Christian, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Ronald L. Kammer, of counsel), for appellee Northwestern Steel & Wire Company.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Frederick X. Shadley, of counsel), for appellee The Austin Company.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Forb Quinlin, brought this two-count suit for injuries he sustained while working at a construction site for a building owned by defendant, Northwestern Steel & Wire Company. Plaintiff was an employee of a subcontractor of the general contractor for the construction project, defendant, The Austin Company. Court I of plaintiff's complaint alleged a violation of the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60) and count II sounded in negligence. The Austin Company moved to dismiss count I and Northwestern Steel & Wire sought summary judgment as to count I. The trial court granted both motions and plaintiff appeals. The sole issue for our review is to determine whether plaintiff's injury occurred as a result of a violation of the Structural Work Act.[1]

Plaintiff's allegation of a violation of the Structural Work Act is

---

[1]No issues are presented regarding the negligence count of plaintiff's complaint.

based on the following facts. On October 1, 1981, the plaintiff was employed as an ironworker in the construction of a new building by the defendant, Northwestern Steel & Wire Company, in Sterling. Plaintiff's complaint alleged that a roof deck was constructed to facilitate and be used in the erection of the building. The complaint further alleged that the plaintiff was working in and around the roof deck when a metal sheet, which was to be used as siding, was caught by the wind and struck plaintiff causing injuries. The defendants respectively filed motions to dismiss and for summary judgment. The defendants alleged in their motions that there was no defect in the roof which was supporting the plaintiff as a scaffold at the time of the accident, and therefore, no violation of the Structural Work Act.

■■■ The legislature intended the Structural Work Act to protect workers engaged in extrahazardous activities from certain risks inherent in their employment. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64.) The Act, however, is not intended to cover all injuries that may occur on or near a construction site. (*Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817.) Section 1 of the Act provides:

> "All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Ill. Rev. Stat. 1983, ch. 48, par. 60.)

Thus, the Act is designed to protect workers in the construction industry who are required to work above ground level as well as persons who might be injured from falling materials and tools stored at such heights. All the devices specified in the Act are used to elevate workers and materials or to provide support for them once they have been elevated.

■ The Act provides a remedy only for those injuries occasioned by a violation of the Act. (Ill. Rev. Stat. 1983, ch. 48, par. 69.) Even if one of the devices contemplated by the Act is involved, the Act does not apply unless the injury has some connection with the hazardous nature of the devices named in the Act. (See *Cooley v. Central Illi-*

*nois Public Service Co.* (1982), 110 Ill. App. 3d 685, 442 N.E.2d 1330; *St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 439 N.E.2d 12; *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011.) The scope of the Act should not be expanded through strained or unnatural interpretations, especially when the injured party has recourse to his normal workers' compensation and tort remedies. *Matthews v. Commonwealth Edison Co.* (1980), 90 Ill. App. 3d 1024, 414 N.E.2d 147.

■ The plaintiff here argues that a violation of the Act occurred by defendants' failure to tie down metal sheeting which was on the roof of the building where plaintiff was working. Plaintiff relies on *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 428 N.E.2d 1051. In *Urman*, roof trusses which were piled on the ground inside an unfinished building, fell over and injured the plaintiff. The ground was bumpy and full of ruts because it had been used by forklifts, trucks and cranes. The usual practice was to place the trusses on planks of lumber as a support to make them level and prevent them from rolling. The court held that placing the trusses on unlevel ground rather than providing lumber to support and stabilize them was a violation of the Act. (101 Ill. App. 3d 1085, 1095, 428 N.E.2d 1051, 1059.) Thus, *Urman* involves either the failure to supply a support when one was required for adequate protection or the utilization of an inadequate support, the uneven ground.

We find *Urman* distinguishable from the case at bar. Here, plaintiff was using the roof of a building under construction as a support for himself at the time of his injury. The roof was also being used to store metal sheets prior to their installation as siding. It is undisputed that plaintiff was injured when one of the metal sheets was caught by the wind and struck him. A roof, when temporarily used as a scaffold, is a device covered by the Structural Work Act. (*St. John v. R. R. Donnelley & Sons Co.* (1973), 54 Ill. 2d 271, 296 N.E.2d 740.) Plaintiff has not, however, identified any defect in the support provided or indicated any failure on the part of defendants to provide an adequate support. There is no evidence in the record that the roof did not adequately perform as a temporary support. It supported both the plaintiff and the metal sheets. Plaintiff's injury did not arise out of the hazardous nature of those devices specified in the Act. Rather, the hazard which caused plaintiff's injury was a gust of wind. The remedy for this hazard is not the defective nature of the support being used, but the manner in which the metal sheeting was stacked.

From our review of the record, we conclude that the trial court did not err in granting defendant's motions for summary judgment

and to dismiss count I of plaintiff's complaint alleging a violation of the Structural Work Act. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.