JOHN PONZIANO, Plaintiff-Appellant, v. K.R. KLEINER AND COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—90—1873

Opinion filed June 14, 1991.

Harvey L. Walner & Associates, Ltd., of Chicago (Lawrence Schlam, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James Ferrini, Robert L. Reifenberg, and Susan Condon, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appeals from the trial court's order granting summary judgment for defendant as to plaintiff's amended complaint, which alleged that defendant violated section 61 of the Illinois Structural Work Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 60). The sole issue for our review is whether plaintiff's injury resulted from a violation of the Act.

Plaintiff, John Ponziano, brought this action against defendant, K.R. Kleiner, to recover for injuries sustained on October 24, 1985, while working as a laborer on renovation of the St. Regis Hotel in Chicago, Illinois. Defendant, the general contractor, subsequently filed a third-party action against Jensen Building Repairs, Inc., plaintiff's employer. The third-party action is not an issue in this appeal.

At the time of the accident, plaintiff had worked on the site for about one week and his tasks until that time included making mortar for bricklayers, picking up debris and erecting scaffolds. On October 24, 1985, plaintiff's supervisor, Steven Fetzer, an agent of Jensen, assigned plaintiff the job of preparing openings for lintels, which are I-beams that fit above doorways and windows. The job required plaintiff to measure lintels, widen existing spaces, and remove bricks.

On the morning of the accident, plaintiff prepared lintel spaces on the first and second floors, using a tubular scaffold to reach the openings, which were seven to eight feet above the floor. After lunch, plaintiff was instructed to prepare lintel spaces on the third floor. When plaintiff returned to the site and discovered that his scaffold was gone, he was told by Fetzer to find another scaffold. Plaintiff was unable to find an available scaffold, and he "took it upon [himself] to find someway, hopefully safely, to just go ahead and do what they told [him] to do and start on that opening of that hole." Plaintiff did not inform Fetzer that all scaffolds were being used because he "did not want to bother them." Plaintiff instead decided to stand upon the ledge, while he used a hammer and chisel to remove bricks from the wall. After working for about 10 minutes and removing 15 to 20 bricks, a two- or three-foot piece of steel beam fell from the opening. At his deposition, plaintiff stated: "I pulled out the next brick. The next thing I knew, I saw something fly by my head, bounce off my foot, which was on a ledge ***. By pulling out those bricks, I uncovered what somebody else left there." The beam fell on plaintiff's right foot, causing severe injury.

Plaintiff's complaint alleged that his injuries were proximately caused by defendant's violation of the Act, namely, defendant's failure "to erect, construct, place or operate certain scaffolds, platforms, supports, ladders and other mechanical contrivances so as to give proper and adequate protection to life and limb of the plaintiff from falling ma-

terials that may be used thereon." Defendant moved for summary judgment, denying that the Act applied and alleging that no material issue of fact existed. The trial court granted summary judgment for defendant and thereafter denied plaintiff's motion to reconsider and vacate the order.

On appeal, plaintiff contends that the trial court erred in granting summary judgment for defendant because defendant violated the Act by failing to provide needed scaffolding. Alternatively, plaintiff maintains that the Act applies because the ledge on which he stood was a scaffold under the Act. Both arguments lack merit because the record reveals that no alleged violation of the Act caused plaintiff's injuries.

■ Although the Structural Work Act is designed to protect workers engaged in extrahazardous activities from certain risks inherent in their employment, it is not intended to cover all injuries that occur on or near a construction site. (*Quinlin v. Northwestern Steel & Wire Co.* (1985), 139 Ill. App. 3d 535, 487 N.E.2d 1124.) Section 1 of the Act provides, in relevant part:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances *** shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Ill. Rev. Stat. 1985, ch. 48, par. 60.)

Thus, the Act protects workers who work on supports above ground level and persons who might be injured from materials falling from such heights. However, the Act does not apply unless the violation of the Act caused the injury. (*Quinlin v. Northwestern Steel & Wire Co.* (1985), 139 Ill. App. 3d 535, 487 N.E.2d 1124.) Moreover, whether a plaintiff's injury is directly related to the specific risks protected by the Act is initially to be determined by the trial court. *Overbeck v. Jon Construction, Inc.* (1989), 184 Ill. App. 3d 918, 540 N.E.2d 969.

We conclude that plaintiff's injury was not caused by a violation of the Act. We find the holding in *Overbeck v. Jon Construction, Inc.*, to be dispositive of the issue. In that case, plaintiff, an electrician, was injured when an explosion knocked him off a ladder. Plaintiff did not claim that the ladder was defective, but rather that the placement of the ladder prevented him from quickly reaching the electrical wire which caused the explosion. This court rejected the argument, finding that "[t]he placement of a ladder makes it defective only when [it] creates one of the hazards protected by the Act." (*Overbeck*, 184 Ill. App. 3d at 923,

540 N.E.2d at 972.) Because the ladder properly supported plaintiff, it did not cause his injury.

The holding in *Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 325 N.E.2d 607, also supports our conclusion. In that case, plaintiff alleged that his fall resulted from an improperly placed ladder. Our supreme court stated:

> "The obvious hazards of a scaffold or ladder are that workmen or materials may fall off such devices or that the devices themselves may fall. *** It is only when an injury has some connection with the hazardous nature of one of the devices named in section 1 of the Act that a cause of action may be maintained under that section ***." (*Tenenbaum*, 60 Ill. 2d at 371, 325 N.E.2d at 612-13.)

The court therefore concluded that the Act did not apply because plaintiff did not fall from the ladder, nor did the ladder itself fall.

■ Plaintiff's amended complaint and deposition reveal that plaintiff's injury was not caused by a hazard protected in the Act and had no connection with a device named in the Act. Plaintiff did not fall from the ledge, nor did the ledge fail to support him. Moreover, the steel beam did not fall on plaintiff from the ledge and had not been used on the ledge itself. (*Cf. Prange v. Kamar Construction Corp.* (1982), 109 Ill. App. 3d 1125, 441 N.E.2d 889.) Rather, the steel beam fell from the building. The facts simply reveal no defect or hazard with the ledge upon which plaintiff stood while he worked. Moreover, plaintiff admitted that he caused the injury. Indeed, he testified at his deposition, *"By pulling out those bricks*, I uncovered what somebody else left there." (Emphasis added.) Because the Act applies only when a defective or absent device causes plaintiff's injury, we conclude that the Act does not apply here. We recognize that contributory negligence and assumption of risk are not affirmative defenses under the Act (*Duffin v. Seibring* (1987), 154 Ill. App. 3d 821, 507 N.E.2d 930), and we do not treat them as such. Plaintiff's conduct *per se* does not preclude his recovery, but rather shows that neither support devices nor their absence caused his injury.

Plaintiff nevertheless argues that a triable issue of fact existed as to whether defendant violated the Act by failing to provide a scaffold for plaintiff's use. However, even if defendant failed to provide a scaffold in violation of the Act, plaintiff's argument fails because, as noted above, such violation did not cause plaintiff's injury.

This court considered an analogous situation in *Gannon v. Commonwealth Edison Co.* (1989), 182 Ill. App. 3d 228, 537 N.E.2d 994. In *Gannon*, plaintiff, a pipefitter, slipped on a concrete floor while moving channel beams. Before he fell, plaintiff noticed some oil or water on the

floor. Plaintiff argued that defendant's failure to provide a crane for the unloading of the beams violated the Act. This court disagreed, finding that a slick on the floor, not the absence of a support device, caused plaintiff's injury.

We similarly conclude that plaintiff here failed to show that the absence of a support in any way related to plaintiff's injury. Even with a proper scaffold, which plaintiff claims would have been wider than the ledge, the record does not indicate that plaintiff could have avoided the falling debris. Plaintiff's testimony suggests that the steel beam fell immediately upon removing the brick and does not indicate that plaintiff had time to react to avoid injury.

Plaintiff's claim that the ledge was a support within the meaning of the Act also lacks merit because even assuming that the ledge was a "support," plaintiff's injury was unrelated to the ledge itself. As previously noted, the ledge did not fail to support plaintiff, nor did the steel beam fall from the ledge. We find *Quinlin v. Northwestern Steel & Wire Co.* instructive on this issue. In *Quinlin,* a worker was injured while working on a roof when a piece of sheet metal struck him. This court concluded that although the roof was a support under the Act, the roof adequately performed its function by supporting plaintiff and materials. We recognize that, under *Quinlin,* a brick ledge, temporarily used as a scaffold, may be a device under the Act. However, the record here does not indicate that the ledge failed to adequately function as a temporary support. Nor does the record support plaintiff's argument that the injury could have been avoided if he used a proper scaffold. Simply stated, the ledge did not create a hazard protected by the Act.

Although we will liberally construe the Structural Work Act (*Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 512 N.E.2d 1223), we decline to broaden its scope with the expansive interpretation suggested by plaintiff. Under these circumstances, the Act does not apply as a matter of law and the trial court properly granted the motion for summary judgment.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and LaPORTA, JJ., concur.