762

LARRY D. ATKINS, Plaintiff-Appellant, v. DEERE AND COMPANY et al., Defendants-Appellees.

Third District   No. 3—92—0621

Opinion filed March 22, 1993.—Modified on denial of rehearing May 5, 1993.

Marc A. Taxman, of Anesi, Ozman & Rodin, Ltd., of Chicago (Curt N. Rodin, of counsel), for appellant.

Katz, McAndrews, Balch, Lefstein & Fieweger, of Rock Island, (Samuel S. McHard, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:
The plaintiff, Larry D. Atkins, brought an action under the Structural Work Act (the Act) (Ill. Rev. Stat. 1991, ch. 48, par. 60

*et seq.*) against the defendants, Deere & Company (Deere) and Western Structural Company (Western). The trial court granted defendants' motion for summary judgment, and the plaintiff appeals, arguing that a genuine issue of material fact exists as to whether Deere and Western violated the Structural Work Act by failing to equip a 9-foot scaffold with guardrails. We reverse and remand.

The record shows that on the day he was injured the plaintiff was working at Deere's plant in East Moline, Illinois, as a result of an agreement between his employer and Western, the contractor on the job. The plaintiff was assigned to cut holes in a sheet metal wall using a scaffold from which the guardrails had been removed. The plaintiff fell from the scaffold into a pit and suffered serious injury. The plaintiff filed suit against Deere and Western, alleging that they had violated the Structural Work Act by failing to provide a safe, suitable and proper scaffold.

During his deposition, the plaintiff's expert opined that the scaffold provided to the plaintiff was not safe, suitable and proper because it lacked guardrails. The expert based his opinion on various industry standards, including regulation 1926.451(4) (29 C.F.R. §1926.451(4) (1992)) promulgated pursuant to the Occupational Safety and Health Act of 1970 (OSHA) (29 U.S.C. §651 *et seq.* (1988)). He chose the applicable standards based upon the plaintiff's deposition testimony that the scaffold had been approximately 12 feet from the floor of the pit.

On March 4, 1992, the defendants filed a motion for summary judgment to which they attached the affidavit of Deere's engineer. The engineer stated that he had measured the height of the scaffold at issue in this case and that the scaffold was nine feet above the floor of the pit. The defendants argued that the Structural Work Act only requires guardrails for scaffolds 20 feet or higher and because the standards cited by the plaintiff's expert pertained to scaffolds over 10 feet high, the plaintiff had failed to produce evidence that lack of guardrails on scaffolds nine feet in height violated the Act. They further argued that the plaintiff's expert should not be allowed to amend his opinion regarding the safety of the scaffold because such a change would violate Illinois Supreme Court Rule 220 (134 Ill. 2d R. 220).

Nine days after filing their motion for summary judgment, the defendants filed a motion to continue the trial from its scheduled date of April 1992. This motion was granted, and the trial was rescheduled to August 1992.

On April 27, 1992, the plaintiff amended his answers to defendants' Rule 220 interrogatories based on the fact that the scaffold was 9 feet, and not 12 feet, high. He cited a different OSHA regulation (see 29 C.F.R. §1926.500(d)(1) (1992)) as a substituted basis for the expert's opinion that the scaffold was not safe, suitable and proper.

Following a hearing on the defendants' motions for summary judgment and to strike the amended Rule 220 answers of the plaintiff's expert, the trial court granted summary judgment for the defendants. The court found that the scaffold was only nine feet high and ruled that failure to provide a guardrail is not a violation of the Structural Work Act for scaffolds under 20 feet in height. It did not address the issue of striking the amended Rule 220 answers.

The plaintiff first argues on appeal that the trial court erred in relying on the second paragraph of section 1 of the Structural Work Act when it determined that there was no genuine issue as to whether the defendants violated the Act because the scaffold in question was not more than 20 feet from the floor.

The purpose of the Structural Work Act is to protect persons engaged in extrahazardous work. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724.) The Act should be liberally construed to effectuate this purpose. (*Meyer v. Caterpillar Tractor Co.* (1990), 135 Ill. 2d 1, 552 N.E.2d 719.) However, in order to recover, the plaintiff must prove that his injuries were caused by a violation of the Act. (*Quinlin v. Northwestern Steel & Wire Co.* (1985), 139 Ill. App. 3d 535, 487 N.E.2d 1124.) Summary judgment should be granted only when there is no genuine issue as to any material fact. Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).

Section 1 of the Structural Work Act contains two paragraphs. (See Ill. Rev. Stat. 1991, ch. 48, par. 60.) The first paragraph provides that all scaffolds erected or constructed by any person, firm or corporation for use in the repairing of any building or other structure, shall be erected and constructed, in a safe, suitable and proper manner. (Ill. Rev. Stat. 1991, ch. 48, par. 60.) The second paragraph requires that scaffolds swung or suspended from an overhead support more than 20 feet from the ground or floor must have a safety rail. Ill. Rev. Stat. 1991, ch. 48, par. 60.

What constitutes a safe scaffold depends on the circumstances of the case. (*Grant v. Joseph J. Duffy Co.* (1974), 20 Ill. App. 3d 669, 314 N.E.2d 478.) In *Grant*, the scaffold was seven feet high. The trial court instructed the jury on both the first paragraph re-

quirement that the scaffold be safe, suitable and proper and the second paragraph requirement of guardrails on scaffolds over 20 feet high. The appellate court held that the jury was properly instructed on the requirements of the first paragraph but that instructing the jury on the requirements of the second paragraph was error inasmuch as there was no question that the second paragraph did not apply to the scaffold involved.

■■ Similarly, we find that the second paragraph is inapplicable to the present case. While it is true that the Act does not specifically require guardrails for scaffolds under 20 feet in height, the Act does require that all scaffolds be safe, suitable and proper. That may or may not mean that scaffolds 7 feet or 9 feet or 12 feet in height also need guardrails to comply with the Act. It does mean, however, that summary judgment cannot be granted unless there is no evidence that the scaffold in question was unsafe, unsuitable or improper. The plaintiff's expert has testified that the scaffold was unsafe, unsuitable and improper, and he has cited several safety guidelines and manuals on industry standards to bolster his opinion. Therefore, the plaintiff has produced evidence which creates a genuine issue of material fact and summary judgment was improper.

The plaintiff next argues that he should be allowed to amend his answers to the Rule 220 interrogatories in accordance with subsection (c)(3) of the Rule. We agree. Again, we note that the trial court did not strike the amended Rule 220 answers filed by the plaintiff but, had it done so, it would have been in error.

Supreme Court Rule 220 governs the use of expert witnesses. (134 Ill. 2d R. 220.) The purpose of Rule 220 is to promote timely and good-faith pretrial disclosure of expert witnesses to prevent surprise and to facilitate pretrial investigation of the expert's credentials and preparation of cross-examination as well as the substance of the testimony of the opposing party's own expert. *Baird v. Adeli* (1991), 214 Ill. App. 3d 47, 573 N.E.2d 279; see also *Zajac v. St. Mary of Nazareth Hospital Center* (1991), 212 Ill. App. 3d 779, 571 N.E.2d 840.

The defendants claim that the plaintiff's expert should be barred from testifying regarding standards for scaffolds under 10 feet high because such testimony would violate subsection (d) of Rule 220 inasmuch as he would be testifying beyond the scope of what he testified to in his deposition. They further claim that information from which the plaintiff's expert could have discovered that the scaffold was only nine feet high had been provided to the plaintiff's counsel almost a year before the deposition of the expert.

■■ We find that the date the plaintiff's expert first learned of the correct height of the scaffold is irrelevant given the circumstances of this case. Under the defendants' interpretation of Supreme Court Rule 220(d), every expert would be bound by his interrogatory answers or his deposition testimony and could not change his or her opinion from that time on, regardless of any new information which might come to light. However, by providing that interrogatory answers must be supplemented "as additional information becomes known to the party or his counsel" (134 Ill. 2d R. 220(c)(3)), Rule 220 clearly anticipates that additional information may become available after the expert has submitted interrogatory answers or given a deposition. In this situation the rule not only allows, but requires, that the interrogatory answers be changed.

The defendants argue further that if the plaintiff's expert is allowed to amend his interrogatory answers it will lead to "guerilla warfare" between parties, with each side trying to be the last to amend its Rule 220 answers in an effort to sabotage the case of the other. This argument ignores subsection (b) of Rule 220, which requires that all discovery be completed no later than 60 days before trial.

Considering all these circumstances, we find that the plaintiff complied with Supreme Court Rule 220 and his amended answers to defendants' Rule 220 interrogatories should stand.

Accordingly, the judgment of the circuit court of Rock Island County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McCUSKEY, P.J., and SLATER, J., concur.