Richard A. KURFESS, Plaintiff,

v.

AUSTIN COMPANY, an Ohio corporation, Defendant.

Civ. No. 92 C 1316.

United States District Court, N.D. Illinois, E.D.

Sept. 29, 1993.

Robert M. Foote, Paul G. Krentz, Murphy, Hupp, Foote, Mielke & Kinnally, Aurora, IL, for Richard A. Kurfess.

Richard G. Howser, Richard Harvey Lehman, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for Austin Co.

William R. Galliani, Galliani & Doell, Ltd., Chicago, IL, for Terstep Co. Inc.

### MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff Richard A. Kurfess, a carpenter employed by Terstep Company, Inc., was injured while working at a construction site at a post office in Carol Stream, Illinois. It was Kurfess's job to help fabricate and install lookout galleries, or LOG's, which are com-

pletely enclosed walkways suspended from the ceiling and used by post office supervisors to observe their workers. In assisting with the installation of the LOG's, Kurfess used a scissors lift, a mobile platform raised and lowered by criss-crossing arms. The lift can elevate a worker to a height of approximately thirty feet, and its platform, four feet wide and twelve feet long, is surrounded by a steel railing roughly four feet high.

On August 27, 1991, after using the scissors lift to help install a LOG, Kurfess and his partner brought the lift down to its lowest position, about six feet from the ground, and while still on the platform used the lift as a vehicle to return to the fabrication shop. As the lift passed under a different LOG, which was ten and one half feet from the floor, Kurfess was injured when he was pinned between the LOG and the railing surrounding the lift's platform. At the time of the accident, the lift was travelling at about five miles per hour.

Kurfess brought this diversity action against the Austin Company ("Austin"), the general contractor at the post office, for compensatory damages. (Presumably, Kurfess has already brought a workers' compensation claim against his employer, Terstep Company.) Count I of the amended complaint asserts a cause of action under the Illinois Structural Work Act ("the SWA" or "the Act"), 740 ILCS 150 *et seq.* (S.H.A.1993). Count II, a common law tort claim, alleges that Austin's negligence caused Kurfess's injuries.

Before the court are defendant's motion to dismiss Count I of the amended complaint and its motion for summary judgment as to that count.[1] The basis for the motion to dismiss is Austin's assertion that the Occupational Safety and Health Act ("OSHA") preempts the SWA. In its summary judgment motion, Austin maintains that, in any event, it is not liable under the SWA because Kurfess's injuries were not caused by the failure of the scissors lift to provide support, or because transportation from one area of a construction site to another is not an activity

protected by the Act. As explained below, we grant Austin's motion for summary judgment as to Count I; consequently, it is unnecessary to decide the preemption issue.

## ANALYSIS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "A genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Dribeck Importers, Inc. v. G. Heileman Brewing Co.,* 883 F.2d 569, 573 (7th Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *Regner v. Chicago,* 789 F.2d 534, 536 (7th Cir.1986). Once the moving party has supported its motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings;" rather, he must set forth facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

The SWA is designed to protect workers engaged in extrahazardous activities from certain risks inherent in their employment. *Ponziano v. K.R. Kleiner & Co.,* 216 Ill.App.3d 22, 159 Ill.Dec. 489, 491, 576 N.E.2d 158, 160 (1st Dist.1991). The Act states in relevant part:

> All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and

---

1. Defendant moved for summary judgment before plaintiff amended the complaint, but Count I in the original and amended complaints are identical. We therefore apply the summary judgment motion to the more current complaint.

proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon.

740 ILCS 150/1.[2]

The SWA is not intended to cover all injuries that occur on or near a construction site. *American Nat'l Bank v. Nat'l Advertising Co.*, 149 Ill.2d 14, 171 Ill.Dec. 461, 465, 594 N.E.2d 313, 317 (1992). Rather, its "required protective measures are directed toward preventing hazards such as those of workers falling from a structure or being struck or crushed by materials due to insufficient support." *Id.* The Act should not be "extended to unnecessarily cover neoteric theories of liability where the existing workmen's compensation and tort remedies protect and give reasonable and satisfactory relief to construction workers." *Id.* at 466, 594 N.E.2d at 318 (citations omitted). Whether the Act covers the plaintiff's injuries is a question for the judge. *Ponziano*, 216 Ill. App.3d 22, 159 Ill.Dec. at 489, 576 N.E.2d at 158.

■■■ We agree with Austin's contention that Kurfess's injuries were not caused by a violation of the SWA. According to recent Illinois cases, the Act was intended to encompass injuries caused by the failure of a support device, and *not* by the faulty or negligent placement of a non-defective support device leading to contact with an overhead hazard. In *Ponziano*, the Illinois Appellate Court held that the Act did not cover an injury sustained when a worker, standing on a narrow ledge and removing bricks from the building, was struck by a beam coming loose from the wall of the building. The SWA did not apply in that case because plaintiff "did not fall from the ledge, nor did the ledge fail to support him." *Ponziano*, 216 Ill.App.3d 22, 159 Ill.Dec. at 492, 576 N.E.2d at 161. Plaintiff alleged no facts revealing a "defect or hazard with the ledge upon which [he] stood while he worked." *Id.* Moreover, the beam did not strike him due to the failure of any device intended to support the beam. *Id.*

Based on the same reasoning, the Illinois Supreme Court in *American National Bank* held that the estate of a worker who had been electrocuted while painting a billboard could not recover under the SWA. Plaintiff argued that the Act applied because improper placement of the ladder near a power line caused the accident. *See American Nat'l Bank*, 149 Ill.2d 14, 171 Ill.Dec. at 465, 594 N.E.2d at 317. Noting that the "purpose of the Structural Work Act" is to "ensur[e] stable support of the structural worker," the Court decided the Act does not mandate "placement [of the support] in a location where the worker will be free from ambient hazards."[3] *Id.*

Similarly, plaintiff presents no evidence that the scissors lift itself was defective, that he fell from the lift due to inadequate support, or that inadequate support of the walkway caused his injuries. Rather, he essentially maintains that the lift's use as a vehicle, putting him in contact with the suspended walkway, involved the improper positioning of a support device. But as *Ponziano* and *American National Bank* make clear, the Act does not require the lift to be placed in a location free from overhead dangers. Accordingly, plaintiff has no cause of action for his injuries under the Structural Work Act, and we grant defendant's motion for summary judgment as to Count I.

---

**2.** The elements of a prima facie case under the Act include the following: (1) the plaintiff was engaged in or was passing under or by a structural activity; (2) the activity was being performed with reference to a structure; (3) a scaffold or other mechanical device was being used; (4) a defect existed in the construction or use of the device; (5) the defect proximately caused plaintiff's injuries; (6) the defendant had charge of the work being performed; and (7) the defen-

dant wilfully violated the Act's safety standards. Illinois Pattern Jury Instructions: Civil 3d § 180.00 (1990).

**3.** Given this language and the fact that an electrified wire may be more hazardous than a suspended walkway, Kurfess's attempt to distinguish *American National Bank* as applying only to cases of electrocution is unavailing.

We also believe that Kurfess, at the time of the accident, was not engaged in an activity covered by the SWA. An accident caused while plaintiff is merely travelling from one area of a construction site to another does not invoke the protections of the Act. *See Lafata v. Village of Lisle,* 137 Ill.2d 347, 148 Ill.Dec. 732, 737, 561 N.E.2d 38, 43 (1990) ("The routine transportation of workers from one location on the construction site to another would not be considered an activity sufficiently unique to the construction industry."). While the movable scissors lift was a support device, Kurfess was using the lift as a vehicle at the time of the accident, not as a working platform. *See Vuletich v. United States Steel Corp.,* 117 Ill.2d 417, 111 Ill.Dec. 586, 588, 512 N.E.2d 1223, 1225 (1987) (the function for which the device is used at the time of the accident determines the applicability of the Act). The cases cited by Kurfess finding the Act applicable to the transportation of materials are inapposite. *See, e.g., Lafata,* 137 Ill.2d 347, 148 Ill.Dec. 732, 561 N.E.2d 38; *Prange v. Kamar Construction,* 109 Ill. App.3d 1125, 65 Ill.Dec. 574, 441 N.E.2d 889 (4th Dist.1982); *Ashley v. Osman & Associates, Inc.,* 114 Ill.App.3d 293, 70 Ill.Dec. 133, 448 N.E.2d 1011 (1st Dist.1983). In those cases, plaintiffs' injuries were caused by faulty support devices or improperly supported equipment. Thus, we also grant summary judgment on the basis that Kurfess was not performing an SWA activity.

## CONCLUSION

Defendant's motion for summary judgment as to Count I of the amended complaint is granted. Therefore, it is unnecessary to decide the motion to dismiss that count based on OSHA preemption.